UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

SHAWN EVANS 11-A-0681

        Plaintiff,

                              CV-14-4039(JG)

        -verses-

HAROLD D. GRAHAM

        RESPONDENT.
----------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ NOV - 7 2014 ★
3:44 PM - OTD
BROOKLYN OFFICE

-----------------------------------------------------------------------

PLAINTIFF RESPONSE TO RESPONDENT
OPPOSITION BRIEF FOR FEDERAL HABEAS CORPUS

-----------------------------------------------------------------------

                                  Respectfully Submitted
                                    Shawn Evans 11-A-0681
                                    Appellant Pro Se
                              Auburn Correctional Facility
                                    P.O. Box 618
                                Auburn, New York 13024

## ARGUMENT

I. GENERAL PRINCIPLES REGARDING FEDERAL HABEAS REVIEW

Evans brought his petiton for a writ of habeas corpus pursuant to 28 U.S.C. 2254. This statute entitles him to relief if "he is in custody in violation of the constution or laws or treaties of the united states." 28 U.S.C. 2254 (a). It further provides for the granting of a writ if the claim was "adjudicated on the mertis" in state courrt and it:

(1) Resulted in a decision that was contrary to, or involved an unreasonable application of clearly establishedd federal law, as determined by the Supreme Court of the united states;or

(2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. 2254 (d)(added in 1996 under the anti-terrorism and effective death penalty act ("AEDPA").

A. Exhaustion of the state court remedies and adequate and independent state court grounds

Principles of comity require that the "state should have the first opportunity to address and correct alleged violations of.... federal rights. "Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2555(1991); see also Fay v. Noia, 372 U.S. 391, 419-420, 83 S.ct 822, 838-839(1963)(abrogated on different grounds. Hence, a petitioner must exhaust state remedies that are reasonably avaible to him to air his federal claims before he can ask a federal court to grant habeas relief. 28 U.S.C. 2254(b)(1)(a);Rose v. Lundy 455 U.S. 509, 522 102 S.ct 1205 (1989). As a general matter, a petitioner must raise the federal constutional claim in the highest state court to exhaust state remedies. Levine v. Commissioner of correctional services, 44 F.3d 121, 124(2dcir. 1995).

The federal court's will not review a question of federal law decided by a

state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment. This rule applies whether the state law ground is substantive or procedural". Coleman, at 729, 111 S.ct. 2553-2554(internal citiations ommited). However, it is not always easy to detect whether a state court decision turned on adequate and independent state court grounds.

State court opinions will, at times, discuss federal questions at length and mention a state law basis for decision only briefly. In such cases, it is often difficult to determine if the state law discussion is truly an independent basis for decision or merely a passing reference. In other cases, state opinons purporting to apply state constutional law will derive principles by reference to federal constutional decisions from this court. Again, it is unclear from such opions whether the state law decision is inpendent of federal law.

Coleman v. Thompson, 501 U.S. 722, 732, 111 S.ct. 2546, 2555 (1991). Drawing from Michigan v. Long, 436 U.S. 1032, 1040-41, 103 S.ct 3469,3476(1983), the Coleman court concluded:

[W]hen, a state court decision fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion, we will accept as the most reasonable explanation that the state court decided the case the way it did because it believed that fedral law required it to do so.

Coleman, at 733, 11 S.ct. at 2556. Thus, if the state court opinion is not clear on the point it is presumed that there is no independent and adequate state court ground. Brown. v. Miller, 451 f.3d 54, 56-57 (2d cir. 2006).

It may be implicit under the circumstances that a petitioner raised a

claim in state court and effectively exhausted it. As stated in <u>Daye v. Attorney General of the State of New York</u>, 696 f.2d 186, 194 (2d cir. 1982), there are many ways that a petitioner can present his federal claim in state court. They include:

(a) reliance on pertinent federal cases employing constutional analysis,

(b) reliance on state cases employing constutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the constution, and (d)allegation of a pattern of facts that is well within the mainstream of constitutional litigation. The <u>Daye court continued:</u> [T]he federal habeas court should assume that the state courts, which are obliged, equally with the courts of the Union, to guard, enforce, and protect every right granted or secured by the Constution of the united States, have been alerted to consider, and have considered, the constutional claim. To eschew that assumption is surely to disserve the interest of comity and the respect due the diligenmt jurists on the state bench.

Furthermore, while a petitioner needs to present his claim in the state formum, he is not obligated to state the "talismanic phrase "due process of law" [for example] or cite " book and verse on the federal constution'.... <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S.ct. 887, 888 (1995). Rather, it is sufficient for him to " fairly present" his claim, <u>Anderson v. Harless</u>, 459 U.S. 4,6, 103 S.ct. 276,277 (1982), such that it can be " pass[ed] upon" by the state court. <u>Noia</u>, 372 U.S. at 437, 83 S.ct. at 838. However, when a defendant in state court uses a general term, like the right to a fair trial, the habeas court should look to specific arguments in support of the claim and the underlying facts to ascertain if it is federal in nature. <u>Daye</u>, at 194.

B. Cause, Prejudice and Fundamental Miscarriage of Justice

If a petitioner exhausted his state remedies and has not effectively presented his federal claim in state courts it may still be considered on habeas review if the petitioner can show "cause" for the procedural default and that "prejudice' ensued, or that the failure to hear the claim will result in a "fundamental miscarriage of justice". Coleman v. Thompson, 501 U.S. 722, 749-750, 111 S.ct 2546, 2546-2565(1991); Jiminez v. Walker, ___ F.3d ___, 2006 Wl 2129338 (2d Cir., July 31, 2006).

"Cause" means "some objective factor external to the defense [that]impeded counsel's efforts to comply with the State's procedural rule." Murray v.Carrier, 477 U.S. 478, 488, 106 S.ct 2639, 2645 (1986). "Predudice" occurs where the errors complained of "worked to [petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constutional dimensions." United States v. Frady, 456 U.S. 152, 170, 102 S.Ct. 1584, 1596 (1982). A "miscarriage of justice" means that the petitioner is "actually" innocent" of the crime of conviction. Murray, at 488, 106 S.Ct. 2649; Schulp v. Delo, 513 U.S. 298, 321, 1155 S.Ct. 851, 864 (1995) Dunham v. Travis, 313 f.3d 724, 730 (2d cir. 2002).

There are countless reasons for "cause". Murray, at 488, 106 S.Ct. at 2645. Ineffective assistance is one of the most widely recognized grounds. "[I]f the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State." Id.; see also Roe v. Flores-Ortega, 528 U.S. 470, 476, 120 S.ct. 1029, 1034 (2000).

C. Ineffective Assistance of Counsel

In <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S.ct. 2052, 2064 (1984), the Supreme Court established a two- part test to determine if counsel's assistance was ineffective. "First, the defendant must show that counsel's performance was deficient.

This requires a showing that counsel made errors so serious that he was not functioning as "'counsel' guaranteed by the Sixth Amendment." Id. The performance is to be judged by an objective standard of reasonableness. <u>Id</u>. at 687, 104 S.ct. at 2064. The "question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."<u>Id</u>. at 695, 104 S.Ct. at 2068-69. Stated differently, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. " <u>Id</u>. at 694, 104 S.ct. at 2068.

A claim of ineffective assistance of trial counsel often turns on proof that is beyond the four corners of the record. This is so because trial counsel's acts or omissions may stem from strategic decisions that are not revealed in a transcript of the proceedings. <u>Id</u>. at 690, 104 S.Ct. at 2066. However, when it is apparent from the record that there are no reasonable grounds for counsel to have failed to raise a claim, no further development of the record is needed. In such a circumstance, the claims should be raised by appellate counsel and the failure to do so may constitue ineffective assistance of appellate counsel. <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 558, 107 S.Ct. 1990, 1995 (1987).

Ineffective assistance claims, like others, are also subject to the exhaustion requirements. Therefore, an ineffective assistance claim must first be raised in the state court before a habeas court can consider it.

Nevertheless, a district court has the authority to hold in abeyance a petition that raises unexhausted claims or that contains a mix of exhausted and unexhausted claims so a petitioner can return to state court and exhaust his remedies. Rhines v. Weber, 544. U.S. 269, 278, 125 S.ct 1528, 1535 (2005). Indeed, it would be "an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had a good cause for his failure to exhaust, his unexhausted claims are potentially mertorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id.; see also Day v. McDonough, ___ U.S. ___, 126 S.ct. 1675, 1684, n. 10 (April 25, 2006).

D. Contrary to, or involving an unreasonable application of, clearly established Federal law, as determined by the Supreme Court, and an unreasonable determination of the facts

The phrase "contrary to... clearly established Federal law, as determined by the Supreme Court " means that relief is appropriate if the " state court arrives at a conclusion opposite to that reached by [Supreme Court] on a question of law or if the state court decides a case differently than the [Supreme Court] on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412- 13, 120 S.ct. 1495, 1523 (2000) (O'Connor, J. concurring). The term " unreasonable application of " permits habeas relief if the state court identifies the correct legal principle but " unreasonably applies" it to the facts. Id. at 413, 120 S.ct. at 1523.

The determination as to whether these standards are met is usually made by the lower courts which have an "independent obligation to say what the law is ' under governing Supreme Court precedents." Morris v. Reynolds, 264 F.3d 38, 46 (2d Cir. 2001) (quoting Williams, 529 U.S. at 411, 120 S.Ct. at 1522) (O'Connor, J., concurring). Moreover, " federal law, as defined by the Supreme

Court, may be either a generalizedd standard enunciated in the court's case law or a brightt-line rule designed to effectuate such a standard in a particular con text." Kennaugh v. Miller, 289 f.3d 36, 42(2d Cir. 2002). The habeas court should also consider whether the state court ruling is contray to "a reasonable extension" of Supreme Court law, Torres v. Berbary, 340 F.3d 63, 72 (2d Cir. 2003), with a view toward " the more general teachings" of federal law, the extent of the error" need not be great; otherwise, habeas relief would be limited to state court decisions ' so far off the mark as to suggest judicial incompetence."Francis v. Stone, 221 f.3d 100, 111 (2d Cir. 2000)(quoting in part from Mateo v. Superintendent,SCI Albion, 171 f. 3d 877, 889 (3d Cir. 1999). Thus, the term "unreasonable application" necessary bestows wide discretion on the district courts to determine whether the state violated Supreme Court precedent.

As to "an unreasonable determination of the facts" by the state court, there is a presumption that the findings are correct, and the petitioner has the "burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e) (1). However, "[e]ven in the context of federal habeas, defernce does not imply abandoment or abdication of judicial review. Deference does not by definition preclude relief. A federal court can disagree with a state court's credibility determination and, when guided by AEDPA, conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence." Miller-EL v. Cockrell, 577 U.S. 322, 340, 123 S.Ct. 1029, 1041 (2003); see also Miller- El v. Dretke, 545 U.S. 231, 125 S.Ct. 2317 (2005)Miller- EL v. Cockrell on a return trip to the Supreme Court where it found that the federal district court and the Fifth Circuit were wrong when they failed to conclude that the state trial court made an unreasonable determination of fact that the prosecutor;s race neutral reason for exercising

a peremptory challenge was non-pretexual).

A federal court cannot protect a state convict against errors of state law. Estelle v. MCGuire, 502 U.S. 62, 68, 112 S.Ct. 475,480 (1991). However, under the federal due process clause a state trial must be conducted in such a way that it comports with principles of "fundamental fairness." Dunnighan v. Keane, 137 F.3d 117, 125 (2d Cir. 1998). For relief, the errors must reach constutional dimension and must have had a "'substantial and injurious effect or influence in determining the jury's verdict.' " Brecht v. Abrahamson, 507 U.S. 619, 623, 113 S.Ct. 1710, 1714 (1993) (source cites omitted).

## POINT I

### PETITIONER'S CLAIM THAT HE WAS IMPROPERLY ADJUDICATED A SECOND FELONY OFFENDER IS NOT PROCEDURALLY BARRED FROM FEDERAL HABEAS REVIEW AND ENTIRELY SUPPORTED BY THE RECORD

Petitioner claims in part that he was improperly sentenced as a second violent felony offender. Petitioner raised this claim in his first two collateral motion in state court. Howver the record of petitioner's sentencing shows that the court did sentence petitioner under the Second Violent Felony Offender guideline C.P.L. 70.04 and in fact neglected the process at sentencing once the petitioner challenged said conviction being unconstutional. Hence, the decision of the state court denying petitioner's claim that he was improperly adjudicated a second violent felony offender is fully supported by the record and is clearly established Supreme Court precedent, or an unreasonable determination of the facts in view of the evidence presented in state court. See 28 U.S.C. 2254(d)(habeas petiton shall not be granted based on claim that was "adjudicated on the mertis" in a state court proceeding unless the adjudication" resulted in a decision that was contrary to or involved an unreasonable application of, clearly establish federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the fact in light of the evidence the whole proceeding at sentencing and than sentenced petitioner under 70.02 (3)(b) as a first felony offender. Petitioner has shaown cause for his procedural

default were as the advice of appellate counsel was that the petitioner was limited to the arguments to be raised on direct appeal. As such said counsel wrote petitioner stating that she can make a viable plea withdrawal argument that she can make. Appellate counsel stated that she can't make this argument do to incorrect assumption that you had a predicate felony conviction since everything I know about the Queens case suggest that assumption that it constituted a predicate felony conviction was correct. From the advice of appellate counsel shows that the procedurally barred as stated by the respondent. See petitioner exhibit (a). Because petitioner his shown cause for the procedural default based on ineffective assistance of appellate counsel, this court need to reach the issue of prejudice in order to conclude that cause and prejudice standard has been met. See Engle v. Isaac, 456 U.S. 107, 134 n.43 (1982); Stepney v. Lopes, 760 F.2d 40, 45 (2d Cir. 1985). Nonetheless petitioner has shown prejudice attendant to the alleged violation. See Stickler v. Greene, 527 U.S. at 289-96 (Prejudice established where there is reasonable probabilty that outcome of proceeding would have been different). Petitioner agreed to the eight year sentence believing that he was a predicate felon. Indeed, petitioner at plea proceeding challenged the court's attempt to adjudicate him a second felony offender and the court adjourned the case to give the opportunity to show he was not a predicate felon. Hence, the respondent along with the court still sentenced petitioner under the guideline of Criminal Procedure Law 70.04 which is stated in the record and the correct totallty disregarded this challenged

unconstutional violation at the sentencing phase which is apparent on the record.

Furthermore, the court's rejection opf petitioner's claim on procedural grounds will result in a fundamental miscarriage of justice. In order to meet the fundamental miscarriage of justice standard, petitioner must show that he is actually innocent. See Bousley v. United States, 523 U.S. 614, 623-24 (1998).

Consequently because petitioner has demonstrated cause and prejudice attendant to his procedural default or that a fundamental miscarrige of justice will arise if this court does not review his claim on the mertis, petitioner's proceduarl default should be excused and this court shall not reject petitioner claim as procedurally barred from federal habeas corpus review. See Coleman v. Thompson, 501 U.S. at 750; Murray v. Carrier, 477 U.S. at 495-496 ; see Massaro v. United States, 538 U.S. 500(2003) that a federal defendant may alway's raise an ineffective assistance of counsel claim collaterly under 28 U.S.C. 2255 even if the record permits review of the claim on direct appeal. It explained why collateral review is superior to direct review.

In any case for the same reasons that petitioner was prejudiced by procedural default petitioner's claim has merit. Hence this court should not rejected this claim.
Accordingly this court should grant petitioner's claim that his

plea was unconstutionally obtained.

Respectfully submitted,

Shawn Evans 11-A-0681

Auburn Corr. Facility
P.O. BOX 618

Auburn, New York 13024

# EXHIBIT A

# APPELLATE ADVOCATES

2 RECTOR STREET - 10TH FLOOR, NEW YORK, NEW YORK 10006
PHONE: (212) 693-0085   FAX: (212) 693-0878

---

ATTORNEY-IN-CHARGE
LYNN W. L. FAHEY

ASSISTANT ATTORNEY-IN-CHARGE
BARRY S. STENDIG

SUPERVISING ATTORNEYS
WINSTON MCINTOSH
DAVID P. GREENBERG
ERICA HORWITZ
PAUL SKIP LAISURE
LISA NAPOLI

SENIOR ATTORNEY
WILLIAM G. KASTIN
  STUDENT INTERN COORDINATOR

STEVEN R. BERNHARD
ERIN R. COLLINS
DENISE A. CORSI
A. ALEXANDER DONN
JONATHAN GARVIN
JOHN GEMMILL
ALLEGRA GLASHAUSSER
LEILA HULL
KENDRA L. HUTCHINSON
JONATHAN M. KRATTER
WARREN S. LANDAU
JOSHUA M. LEVINE
DAVID G. LOWRY
JESSICA M. MCNAMARA
ANNA PERVUKHIN
DENICE POWELL
KATHLEEN E. WHOOLEY

OF COUNSEL
ANDREW E. ABRAHAM
ALEXIS A. ASCHER
JANET CLAIRE LÊ
ELLEN FRIED
MELISSA S. HORLICK
WILLIAM A. LOEB
REYNA E. MARDER
SONIA MIKOLIC-TORREIRA

July 31, 2012

Mr. Shawn Evans
No. 11-A-0681
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871

Dear Mr. Evans:

I have received your most recent letters. I am enclosing another copy of your sentencing minutes, as you requested, as well as the VDF form. We do not have a copy of the slip showing your refusal to be interviewed; we have received only the pre-sentence report itself, which says you refused on August 20, 2010. We do not have access to grand jury minutes, since grand jury proceedings are secret.

On your appeal, we are limited to the record. We cannot add anything to the record or dispute anything it shows. In any event, the failure of a lawyer to visit you would not constitute ineffective assistance of counsel. I do not see any viable plea withdrawal argument that we can make. I cannot argue that your plea was improperly based on the incorrect assumption that you had a predicate felony conviction, since everything I know about the Queens case suggests that the assumption that it constituted a predicate felony conviction was <u>correct</u>. We have been unable to get a copy of your Queens plea minutes.

You ask me to go forward with the appeal. The only argument I can make is that your sentence is excessive, but I want to emphasize 3 things.

First, it is <u>very rare</u> for the Appellate Division to reduce a sentence, especially in a guilty plea case. As a practical matter, I do not think there is a realistic chance that it would reduce your sentence.

Mr. Shawn Evans                                          July 31, 2012

    Second, even if the Appellate Division judges thought your sentence was excessive, they could only reduce it by one year since everything in the available records indicates that you are, in fact, a predicate felony offender.

    Third, and most important, anything we file would risk alerting the Court and the District Attorney's office to the apparent error in failing to adjudicate you a predicate felon. For the reasons I have explained in my previous letters, I think this danger substantially outweighs any benefit from proceeding with your appeal by asking for a sentence reduction.

    Having said all that, if you absolutely insist on going ahead with an excessive sentence argument at this point, I will do my best to make such an argument without alerting anyone to the predicate felony problem. But before I do that, you must sign the enclosed form and return it to me, so that I am certain you understand and accept the risk involved in proceeding.

    I will look forward to hearing from you again.

                                      Very truly yours,

                                      Lynn W. L. Fahey

Encs: minutes
      VDF
      form

Shawn Evans 11A0609
Auburn Corr. Facility
P.O. Box 618
Auburn New York 13024

Clerk of Court
Eastern District of New York
United States District Court
United States Courthouse
225 Cadman Plaza
Brooklyn New York 11201



