UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SHAWN EVANS,

                           Petitioner,

      - versus -

HAROLD GRAHAM,
Superintendent,

                           Respondent.

MEMORANDUM
AND ORDER

14-CV-4039 (JG)

A P P E A R A N C E S:

    SHAWN EVANS
        11A0681
        Auburn Correctional Facility
        135 State Street
        PO Box 168
        Auburn, NY 13024
    By:   *Petitioner, pro se*

    KENNETH P. THOMPSON
        District Attorney, Kings County
        350 Jay Street, Renaissance Plaza
        Brooklyn, New York 11201
    By:   Amy Merrill Appelbaum
         *Attorney for Respondent*

JOHN GLEESON, United States District Judge:

        Shawn Evans petitions under 28 U.S.C. § 2254 for a writ of habeas corpus. Evans is presently incarcerated pursuant to a New York conviction and sentence of eight years following a guilty plea to Criminal Possession of a Weapon in the Second Degree. He argues that his guilty plea was not voluntary and that his sentence was unconstitutional because he was improperly found to have had a predicate violent felony offense. I heard oral argument on the motion on November 25, 2014; Evans appeared by videoconference from his place of

incarceration. For the reasons given below, neither a writ nor a certificate of appealability shall issue.

BACKGROUND

Evans was charged in Kings County, New York, with two counts of Criminal Possession of a Weapon in the Second Degree and one count each of Criminal Possession of a Weapon in the Fourth Degree, Assault in the Third Degree, and Reckless Endangerment in the First Degree. Appelbaum Aff., ECF No. 9, ¶ 6. The charges arose from events on August 12, 2009, at 363 Dumont Avenue in Brooklyn, New York, where Evans was observed to have pulled out a handgun and shoot in the street at four individuals known to him. The shots injured one of the individuals. Evans was arrested on October 17, 2009. *See id.* ¶ 5, Ex. C (Pre-Sentence Report) at 2.

On August 17, 2010, Evans pled guilty to Criminal Possession of a Weapon in the Second Degree. *Id*. ¶ 7, Ex. A (Plea) at 8. The government's offer to Evans was a sentence of nine years' imprisonment and five years' post-release supervision. *Id.* at 4. Prior to the entry of the plea, the court asked whether the defendant was a "violent predicate." The government replied yes, based on a 2002 robbery, but the defendant said no. *Id.* The court explained that when the defendant pled guilty to robbery in 2002, even though he was a juvenile at the time, he was convicted as an adult, which made Evans a "violent predicate" with respect to the present case. *Id.* at 5. The court said his sentencing range was therefore seven to fifteen years, but that it would sentence Evans to eight years – one year below the government's offer. *See id.* at 4-5.

During the plea colloquy, Evans responded that he had not consumed drugs, alcohol, or any other substance in the previous twenty-four hours that would affect his judgment; he was satisfied with the representation of his lawyer; he understood what rights he was giving up; no one had promised him anything other than the court's promise of an eight-year sentence;

he was guilty of the charge in question; and no one forced or threatened him into pleading guilty. *See id.* at 6-9. The court found the plea to be acceptable. *Id.* at 9.

In motion papers dated December 28, 2010, Evans moved to withdraw his plea on grounds that included his contention that his prior felony had resulted in a juvenile delinquency determination, and thus could not be used to enhance the sentence in this case. *See* Appelbaum Aff. ¶ 14, Ex. L (Hirsch Aff., Dec. 28, 2010) at 3. Evans also made the argument that "his plea was involuntary due to enormous pressure being put on the defendant both by the Court and by his prior counsel." *See id*. The court had assigned new counsel for Evans for this motion. *See id.* at 2. The motion was denied in a written order dated February 4, 2011, the same day Evans appeared for sentencing. Insofar as it relates to the instant petition, the state court stated only that it had "explained to the defendant [at the guilty plea] why his prior conviction qualifies him as a 'violent predicate.'" Appelbaum Aff. ¶ 14, Ex. L (Order, Feb. 4, 2011).[1] The court also found no basis for Evans's contention he was coerced by his attorney into accepting the plea. *Id.* at 2.

At the sentencing proceeding, Evans's attorney and Evans himself told the court that Evans's 2002 conviction could not be the basis for a predicate statement. Appelbaum Aff. ¶ 15, Ex. B (sentencing minutes) at 2-3. The court clarified that even though the government filed a predicate statement, the defendant was "never deemed a predicate" and "[t]his sentence has got nothing to do with you being a predicate." *Id*. at 4. Evans was then advised that the correct sentencing range was three-and-a-half to fifteen years' imprisonment. *Id.* Evans was thus neither adjudicated nor sentenced as a second violent felony offender. *Id.* The court sentenced Evans to eight years' imprisonment. *See id.* at 4-5.

---

[1] The state court's written order denying the motion to withdraw the plea can be found at the very end of Respondent's Exhibit L.

Evans appealed to the Appellate Division, Second Department, and claimed that the waiver of his right to appeal was invalid and that his sentence was excessive. The Second Department held that Evans's sentence was not excessive, but that Evans's waiver of his right to appeal was invalid. *People v. Evans*, 959 N.Y.S.2d 926 (2d Dep't 2013). Evans's application for leave to appeal to the New York Court of Appeals was denied. *People v. Evans*, 21 N.Y.3d 942 (2013) (Read, J.).

In March of 2011, Evans brought a *pro se* collateral attack in Supreme Court, Kings County under N.Y. C.P.L. § 440.20, claiming that he was improperly denied a hearing on whether he was a second violent felony offender. *See* Appelbaum Aff. ¶ 17, Ex. G (Order, *People v. Evans*, No. 9669/2009 (Sup. Ct. Kings Cnty., July 15, 2011)). The court denied Evans's motion, stating that "the defendant was not deemed a predicate felon and . . . the agreed to sentence was not a sentence imposed upon the defendant as a predicate felon." *Id.*

Evans brought a second collateral attack, which was denied in December of 2012. *Id.* ¶ 17, Ex. I (Order, *People v. Evans*, No. 9669/2009 (Sup. Ct. Kings Cnty., Dec. 27, 2012)). In this second motion, the defendant argued that he did not understand or remember the plea because he was on medication at the time. He also claimed that he had been diagnosed with "mood disorder and psychosis associated with bipolar disorder," and that he was not interviewed by the probation department in the preparation of his pre-sentence report. *Id.* He also claimed, oddly, that he was a second felony offender, and also that he was denied a hearing on that issue. *Id.* The same judge who had sentenced Evans and denied his prior motions rejected the medication and mental health-related claims on the merits, noted the anomaly that a defendant who was sentenced as a first offender would assert in a § 440 motion that he was a second offender, and once again rejected the claim that Evans was entitled to a hearing. *See id.*

Finally, Evans brought a third collateral attack, claiming that his plea was induced by misrepresentation and he should have received the minimum sentence of three-and-a-half years. *See* Appelbaum Aff. ¶ 17, Ex. J (Def. Br., June 16, 2014) at 2-4. Evans also argued ineffective assistance of counsel in that counsel allowed the court to improperly sentence him as a second violent felony offender. *See id.* at 9-12. A different judge denied this motion, writing in part as follows:

> Defendant claims that his plea was induced by misrepresentation, that it was invalid and that he should have received the minimum sentence of 3½ years as a first felony offender. Although the parties were initially mistaken in their belief that defendant was a predicate felony offender, the defendant was clearly not sentenced as a second felony offender. In fact, the negotiated sentence was within the statutory guidelines for a first felony offender, convicted of criminal possession of a weapon in the second degree. There is no requirement that a defendant receive any sentence other than that which was negotiated. In the present case, the defendant received precisely that.
>
> The defendant persists in his belief that he was sentenced as a second felony offender when it is patently obvious from the sentencing minutes and the sentence and commitment form that defendant was not. Despite all the documentary evidence to the contrary, defendant remains unconvinced.
>
> Finally, defendant claims to have received ineffective assistance of counsel when counsel allowed the court to sentence defendant as a second felony offender. There are two flaws immediately apparent in defendant's logic. First, counsel at the sentencing proceedings was not the same counsel who represented defendant at the time of his plea, therefore, it cannot be said that prior counsel was ineffective. To the extent that he claims the attorney assigned for the motion to withdraw the plea was ineffective, there is absolutely nothing in the record to support that contention. Second, as has repeatedly been shown, the defendant was not sentenced as a second felony offender.
>
> As such, there is no merit to any of defendant's contentions, and there is no basis for granting the relief sought. The motion is denied in its entirety.

Appelbaum Letter dated Oct. 30, 2014, ECF No. 10, App'x (Order, *People v. Evans*, No. 9669/2009 (Sup. Ct. Kings Cnty., Oct. 21, 2014)).[2]

---

[2] At the time of Respondent's opposition to Evans's petition, this third collateral attack was still pending. *See* Appelbaum Letter dated Oct. 2, 2014, ECF No. 7.

Evans filed this petition on June 27, 2014. He claims that his guilty plea on August 17, 2010, was unlawfully induced or involuntary because he was sentenced as a second violent felony offender instead of a first felony offender.

DISCUSSION

A.  *Standards of Review*

    1.  *Exhaustion and Procedural Default*

The exhaustion requirement, codified at 28 U.S.C. §§ 2254(b) and (c), obligates a federal habeas petitioner to exhaust state judicial remedies before seeking relief from a federal court. To exhaust state remedies, a petitioner must "fairly present" his federal constitutional claims to the highest state court with jurisdiction over them. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (internal quotation marks and alteration omitted); *see also Daye v. Attorney General of New York*, 696 F.2d 186, 191 (2d Cir. 1982) (en banc). This requirement, which "springs primarily from considerations of comity" between the federal and state systems, *id.* at 191, affords the state system "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan*, 513 U.S. at 365 (quotation marks and citation omitted).

    2.  *AEDPA Deference to State Court Decisions on the Merits*

A federal habeas court may grant habeas relief "with respect to a[ ] claim that was adjudicated on the merits in State court proceedings" only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence in the State court proceeding." 28 U.S.C. §§ 2254(d)(1) - (2). In addition, a federal habeas court must presume all state court factual determinations to be correct, unless the petitioner rebuts the findings by clear and convincing evidence. *Id*. § 2254(e)(1). AEDPA's deferential review applies whenever a state court disposes

of a state prisoner's federal claim on the merits, regardless of whether it gives reasons for its determination or refers to federal law in its decision. *See Harrington v. Richter*, 131 S. Ct. 770, 785 (2011); *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001).

The Supreme Court has interpreted the phrase "clearly established Federal law" to mean "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000) (internal quotation marks omitted). *See also Gilchrist v. O'Keefe*, 260 F.3d 87, 93 (2d Cir. 2001) (quoting *Williams*). A decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. A decision is an "unreasonable application" of clearly established federal law if a state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of [a] prisoner's case." *Id.* Elaborating on the "unreasonable application" standard, the Supreme Court has held that a habeas court may only "issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Richter*, 131 S. Ct. at 786.

B.      *Evans's Claim for Relief*

As mentioned above, Evans's claim on this petition has two parts, that is, he claims that his plea of guilty was defective (unlawfully induced and involuntary) and that he was sentenced as a second violent felony offender.

1.      *Status as Second Violent Felony Offender*

Respondent does not argue that Evans's claim about being sentenced as a second violent felony offender is unexhausted, and indeed it appears that Evans has fairly presented his

7

claim to the highest state court with jurisdiction over them. *See Daye*, 696 F.2d at 191. Therefore, I will proceed to evaluating the merits of Evans's claim under the standard described above.

Evans claims that he was improperly sentenced as a second violent felony offender under New York's Persistent Violent Felony Offender Statute, where the sentencing range for a class C felony is seven to fifteen years. *See* N.Y. Penal Law § 70.04(3)(b). As explained by the state trial and appellate courts, however, there is no evidence in the record to support Evans's contention that he was sentenced as a second violent felony offender. Indeed, prior to the sentencing, the court told Evans that the applicable sentencing range for Evans—as a first-time violent felony offender—was three-and-a-half to fifteen years, and Evans's sentence fell within that range. *See* Appelbaum Aff., Ex. B. at 4. No federal constitutional issue is presented where the sentence was within the range prescribed by state law. *See White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992).

2. *Involuntary Plea*

Evans asserts that his plea of guilty was unlawfully induced, and was not made voluntarily. As for exhaustion, Evans's second and third § 440 motions both challenged the voluntariness of his plea of guilty. The second § 440 motion was based on Evans's contention that he was under medication at the time of the plea. He has not advanced that claim here. The third § 440 motion, however, focused on the judge's mistaken belief at the time Evans pled guilty that he was a second violent felony offender, as does Evans's petition in this case. That motion was denied on October 21, 2014, as discussed above. Though the state court found Evans's claim to be procedurally defaulted and without merit, I need not address the former ground because I agree the claim is without merit. *See* 28 U.S.C. § 2254(b)(2).

"The standard for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Urena v. New York*, 160 F. Supp. 2d 606, 610 (S.D.N.Y. 2001) (quoting *Ventura v. Meachum*, 957 F.2d 1048, 1058 (2d Cir. 1992)). "A plea is considered 'intelligent if the accused had the advice of counsel and understood the consequences of his plea, even if only in a fairly rudimentary way,' and it is considered 'voluntary' if it is not the product of actual or threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally.'" *Velasquez v. Ercole*, 878 F. Supp. 2d 387, 401 (E.D.N.Y. 2012) (citing *Miller v. Angliker*, 848 F.2d 1312, 1320 (2d Cir. 1988)) (additional citation omitted). Additionally, statements at plea allocution "carry a strong presumption of verity . . . and are generally treated as conclusive in the face of the defendant's later attempt to contradict them." *Adames v. United States*, 171 F.3d 728, 732-33 (2d Cir. 1999) (citing cases). *See also United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997) ("A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea.") (citation omitted).

In Evans's petition and in his state court papers, he did not contend that, but for the state judge's mistaken belief that he was a second violent offender at the time of Evans's guilty plea, Evans would not have pled guilty pursuant to the eight-year offer made by the judge. Rather, Evans has consistently argued that he was *in fact* sentenced as a second violent felony offender. *See* Petition at 5 ("The Court used an unconstitutional sentence to make a defendant a predicate felony offender.").

The record, however, conclusively establishes otherwise. Though it is clear that the sentencing judge mistakenly believed (both at the time of the guilty plea and when he wrote the February 4, 2011 order denying the motion to withdraw the plea) that Evans's prior

conviction made him a second violent felony offender, it is equally clear that by the time sentence was imposed on February 4, 2011, he believed otherwise. *See* Appelbaum Aff., Ex. B at 4. Indeed, he explicitly assured Evans that he had not been adjudicated a second offender and the sentence had nothing to do with any such status. *See id.* Accordingly, I agree with the state court's decision on the third § 440 motion that Evans's claim that his plea was improperly induced by misrepresentation has no merit.

At oral argument, Evans asserted a different ground for the involuntariness of his guilty plea that was not raised in his petition: he argued that if he knew at the time he took the plea he was not a violent felony offender, he would not have taken the plea and instead would have gone to trial. *See* Tr. (Nov. 25, 2014) at 6 ("Based on the advice of my attorney I took that negotiated plea. If I would have known that, I wouldn't have took that plea they offered. I would have took my chances going to trial on this case, your Honor."). Put another way, Evans now contends that if he knew at the time of taking the guilty plea that his sentencing range would have been three-and-a-half to fifteen years—instead of seven to fifteen years—he would not have taken the guilty plea. As discussed above, Evans has previously contested on multiple occasions that his plea was involuntary; however, he did not specifically argue that he would have gone to trial if he knew he would not be sentenced as a predicate felon. *See* Appelbaum Ex. J (Def. Br., June 6, 2014).

Justice Firetog of the Kings County Supreme Court denied the third § 440 motion on the merits as discussed above, and he also noted that Evans's claims were barred by § 440.10(2)(c), which says a court must deny a motion to vacate a judgment when no appellate review of a judgment occurred "owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him." Evans has already filed three § 440 motions, and he

10

has already argued the involuntariness of his plea of guilty. I conclude that the claim raised for the first time at oral argument is procedurally barred.

Finally, the alleged involuntariness of Evans's guilty plea was rejected on the merits by the trial court when it denied his motion to withdraw his plea of guilty, and again by Justice Firetog in October of 2014. Indeed, Evans's appellate counsel advised Evans against making this argument on appeal since appellate counsel believed that Evans would have been properly adjudicated as a predicate felon. *See* Pet. Reply Br. (ECF. No. 11) Ex. A (Letter from Appellate Advocates dated July 31, 2012). On appellate review, a court may not allow a defendant to withdraw a guilty plea if the defendant merely contradicts the record. *See Torres*, 129 F.3d at 715. On habeas review, even more deference is required. Here, Evans's appellate counsel suggests that the record would show Evans was a predicate felon, and Evans has submitted no evidence to show a court would have concluded otherwise. Therefore, Evans's motion to withdraw his plea on these grounds is not only procedurally barred, it has no merit.

## CONCLUSION

For the reasons stated above, Evans's petition is denied. Because Evans has failed to make a substantial showing that he was denied a constitutional right, no certificate of appealability shall issue.

So ordered.

John Gleeson, U.S.D.J.

Dated: February 11, 2015
      Brooklyn, New York